LOCKWOOD INV. CO. v. GEISELMAN.
(No. 479.)

(Court of Civil Appeals of Texas. El Paso. Oct. 21, 1915.)

1. BOUNDARIES ⬥⇒37 — ACTIONS—EVIDENCE.

In an action involving disputed boundary, evidence *held* to show that the plat, as made, was the result of a mistake of the draftsman, and that it was not intended to include in the addition in which plaintiff bought property unplatted property not belonging to plaintiff's grantor.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 184–194; Dec. Dig. ⬥⇒37.]

2. VENDOR AND PURCHASER ⬥⇒239 — BONA FIDE PURCHASER—RIGHTS OF.

Where the question was solely one of boundary, and plaintiff was not in possession of the land which it claimed, the bona fides of plaintiff's purchase or want of notice does not give him additional rights.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 583–600; Dec. Dig. ⬥⇒239.]

Appeal from District Court, Harris County; J. W. Woods, Special Judge.

Trespass to try title by the Lockwood Investment Company against M. P. Geiselman. From a judgment for defendant, plaintiff appeals. Affirmed.

H. F. Ring, of Houston, for appellant. Fisher, Campbell & Amerman and W. F. Tarver, all of Houston, for appellee.

HIGGINS, J. Appellant brought this suit in trespass to try title to recover lots 1, 2, 10, 11, and 12 in block 49 in Foster's Second North addition to the city of Houston. It was alleged that the south line of block 49 was 410 feet north of the north line of blocks 106, 107, and 108 in the S. F. Noble addition to said city. Appellant has record title to the lots mentioned, and appellee, Geiselman, has record title to block 54 in said Foster addition. Block 54 is in the south tier of blocks of the Foster addition, and block 49 lies just north of 54 in the next tier of blocks. Appellant claims that the south line of the addition should be located further south than is claimed by appellee. If located as by appellant contended, it would fix the south line of the addition at the point alleged by appellant, and the lots claimed by it would be located on property claimed by and in possession of Geiselman. The question involved is one of boundary, the point at issue being the location of the south boundary line of the Foster addition. The land in

controversy is situate in the S. M. Harris grant. In 1852 Sarah Noble became the owner of a 100-acre tract in the southwest corner of the grant. Its north line ran east and west 260 varas. Its east line ran north and south 2,237 varas, and its west line was parallel thereto, and coincident with the west line of the grant. Upon the south it was bounded by Buffalo bayou. In 1867 all of the tract was platted and laid off into lots, blocks, and streets, except 7 or 8 acres of the north end; this unplatted portion being 260 varas east and west by 450 feet north and south. On February 28, 1874, James E. Foster became the owner of a 100-acre tract lying immediately north of and adjoining the Noble tract. It was rectangular in shape, 260 varas wide and 2,759 varas in length; its east and west lines being coincident with prolongations of the corresponding lines of the Noble tract. In November, 1874, there was filed for record the map of said Foster's Second North addition. There is no statement thereon to indicate what particular tract of land was intended to be platted, but it undoubtedly referred to the 100-acre tract which he had acquired lying north of the Noble addition. From the distances indicated on the map, it will be seen that the tract platted by said map was 6,030 feet in length by $722^2/_{10}$ feet in width, or $2,170^8/_{10}$ varas in length by 260 varas in width, which comprises exactly 100 acres in area.

The draftsman who prepared the plat of Foster's addition attempted to indicate thereon other additions which adjoin the same on the south and west, and in such manner indicated that the north tier of blocks of the Noble addition, as platted, lay immediately south of the Foster addition. The draftsman made no indication on the plat of the unplatted strip of the Noble tract lying between the Foster 100 acres and the Noble addition as platted, but indicated that the Foster addition came as far south as the Noble addition, which would place the Noble unplatted acreage within the land covered by the Foster addition plat.

The controlling question in the case thus reduces itself: Was the Foster addition, as shown by the recorded map, located immediately north of the Noble addition and covering the unplatted 7 or 8 acres in the northern part of the Noble tract, as is claimed by appellant, or was it located wholly upon and within the 100-acre tract then owned by Foster immediately north of the Noble 100-acre tract?

[1] In the court below the issue was resolved against appellant, and the sufficiency of the evidence to support this finding is raised by the first three propositions subjoined to the only assignment of error presented in this court. An examination of the evidence bearing upon the issue abundantly supports the finding. The only fact support-

ing appellant's contention is that the plat of the addition shows that it adjoins the northern tier of blocks in the Noble addition. This was a manifest and evident error on the part of the draftsman who drew the map of the Foster addition. It is quite apparent that after preparing the plat he simply undertook to indicate surrounding additions, and in referring to the Noble addition failed to indicate the unplatted portion in the north end of the tract. A number of similar mistakes were made with reference to other adjacent additions. Considering all the facts and surrounding circumstances as reflected by the record, we have no doubt that the plat of the Foster addition was intended to cover only the 100-acre tract which he owned, and that the south line thereof did not extend further south than the north line of the Noble tract.

[2] If we correctly interpret the remaining propositions of appellant, they are to the effect that he is entitled to recover the land in controversy as a purchaser without notice. We cannot see how any such question can be involved in this case. The issue is one of boundary alone, and, in the absence of recognition of line, or estoppel otherwise arising, it is not apparent to us how the bona fides of appellant's purchase, or his want of notice, can in any wise arise or be material.

Affirmed.